# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY A. CARTER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-1173-NJR<br>)<br>) |
| DR. SHAH, A. VANSCHEYEK, LYNN<br>PITTMAN, MAJOR CARIE, and<br>DANA SPRAGUE, | )<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rickey A. Carter, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges defendants were deliberately indifferent to his need for a bottom bunk permit while at Robinson Correctional Center. He asserts claims against the defendants under the Eighth Amendment as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On April 10, 2019, Plaintiff saw Dr. Lynn Pittman for his diabetes while his normal doctor, Dr. Shah, was on vacation (Doc. 1, p. 45). Dr. Pittman examined his hands, fingernails, and fingers and determined that his body needed special vitamins that he was not getting from his current diet. She prescribed him a high protein diet. When Dr. Shah returned from vacation, he determined that the special diet was not needed and discontinued the diet. He did not examine Plaintiff's hands and missed the proper diagnosis (*Id.*).

On July 12, 2019, while in segregation, Plaintiff was informed by A. Vanscheyek that he was being moved to a different cell (Doc. 1, p. 46). Plaintiff informed Vanscheyek that he could not be placed on the top bunk due to his diabetes. Vanscheyek wrote Plaintiff a disciplinary report for refusing to obey the order to change cells (*Id.*). On July 13, 2019, Plaintiff refused to eat or take his medications and was placed in the healthcare unit. Six days later, Major Carie informed Plaintiff he was being moved back to segregation, and Plaintiff informed Carie that he could not be placed in a top bunk because he had a bottom bunk permit. Dana Sprague found Plaintiff's permit and noted that it had expired. She called Dr. Pittman who deemed that Plaintiff could be placed in a top bunk even though he had diabetes and was weak from not eating or taking his prescribed medications (*Id.* at pp. 47-48).

On July 20, 2019, Plaintiff fell from the top bunk onto the concrete floor, injuring his head (*Id.* at p. 48). Plaintiff suffered from blurred vision and continuous headaches from the fall. He was provided with Tylenol and sent back to his room. On July 30, 2019, he saw Dr. Shah because

Plaintiff ended his hunger and medicine strike (*Id*. at p. 49). When Dr. Shah learned of his injuries, he informed plaintiff that he should not have been placed on the top bunk and renewed Plaintiff's bottom bunk permit. He also scheduled an eye doctor appointment for Plaintiff and provided him with more Tylenol for his headache (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Vipin Shah was deliberately indifferent under the Eighth Amendment to Plaintiff's need for a special diabetes diet.**
>
> **Count 2:** **Defendants violated his rights under the ADA and/or RA when they denied him a bottom bunk permit and assigned him to a top bunk.**
>
> **Count 3:** **Vipin Shah, A. Vanscheyek, Lynn Pittman, Major Carie, and Dana Sprague were deliberately indifferent under the Eighth Amendment to Plaintiff's need for a bottom bunk permit.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

Plaintiff fails to state a claim against Dr. Shah for discontinuing his special diet. The allegations in the Complaint suggest that Dr. Shah disagreed with Dr. Pittman's diagnosis and ended Plaintiff's diet. Differences of opinions by medical providers, however, do not amount to deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Norfleet v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Further, to the extent Plaintiff alleges that Dr. Shah "missed the diagnosis", negligence also does not amount to deliberate indifference. *Norfleet*, 439 F.3d at 396. For these reasons, Count 1 is **DISMISSED without prejudice**.

## Count 2

At this stage, Plaintiff's allegations are sufficient to articulate a colorable ADA and/or RA claim. Plaintiff's claim cannot proceed, however, against the individual defendants as individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, will be added to the case, in his official capacity only, for Plaintiff's ADA and/or RA claim in Count 2.

## Count 3

At this stage, the allegations in the Complaint state a viable claim for deliberate indifference against Major Carie and Lynn Pittman. The Complaint alleges that Carie and Pittman placed Plaintiff in the top bunk despite Plaintiff informing them that he could not be housed in a top bunk due to his medical condition.

But Plaintiff fails to state a claim against Dr. Shah, A. Vanscheyek, and Dana Sprague. Plaintiff fails to allege that any of these individuals acted with deliberate indifference. He alleges that Sprague found his bottom bunk permit and, when she discovered that it had expired, she called Dr. Pittman to determine if it should be renewed. There is no indication in the Complaint that Sprague participated in the decision to deny Plaintiff a bottom bunk permit or to place him in a cell with a top bunk. Similarly, the allegations in the Complaint do not suggest that A. Vancheyek

participated in the decision to deny Plaintiff a bottom bunk permit or placed him in a top bunk. The allegations only indicate that Vanscheyek informed Plaintiff that he was being moved and wrote him a disciplinary report when he refused. Finally, the allegations in the Complaint do not suggest that Dr. Shah refused Plaintiff a bottom bunk permit. To the contrary, when Dr. Shah learned that Plaintiff had fallen from the top bunk, he informed Plaintiff that he should not have been placed there and renewed his bottom bunk permit. For these reasons, Plaintiff's deliberate indifference claim against Dana Sprague, A. Vanscheyek, and Dr. Shah is **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 against Dr. Shah is **DISMISSED without prejudice**. Count 2 shall proceed against Rob Jeffreys (official capacity only) and the Clerk is **DIRECTED** to **ADD** Rob Jeffreys to the docket. Count 3 shall proceed against Major Carie and Lynn Pittman but is **DISMISSED without prejudice** as to Dr. Shah, A. Vanscheyek, and Dana Sprague. The Clerk is **DIRECTED** to **TERMINATE** Shah, Vanscheyek, and Sprague from the docket.

The Clerk of Court shall prepare for Defendants Rob Jeffreys (official capacity only), Major Carie, and Lynn Pittman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

5

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/10/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## **<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**